**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **PNY TECHNOLOGIES, INC.,** <br>     Plaintiff, <br> vs. <br> **SANDISK CORPORATION,** <br>     Defendant. | Case No.: 11-CV-04689 YGR <br><br> **ORDER DENYING SANDISK CORPORATION'S MOTION TO DISMISS** |

Defendant has filed a Motion to Dismiss Plaintiff's Amended Complaint. In the Court's Order granting the motion to dismiss the original complaint, the Court identified several areas where the original complaint lacked sufficient detail.

Having carefully considered the papers submitted and the amended complaint, a significant portion of which were filed under seal, the Court finds that Plaintiff has responded to each concern.

Therefore, the Court **DENIES** the Motion to Dismiss.[1]

While Plaintiff has addressed the Court's concerns, it bears noting that the Court has kept this Order short, in part, because so much of the amended complaint is sealed. That said, this does not mean that the information will remain under seal. The parties are reminded that this is a public forum. To the extent that any documents will be used in court proceedings, a party's confidentiality designation does not mean that the documents will ultimately be sealed in a public proceeding. In determining whether to seal documents, a court must weigh relevant factors including the "public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets."

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds that this motion is appropriate for decision without oral argument. Accordingly, the Court **VACATES** the hearing set for October 16, 2012.

*Pintos v. Pacific Creditors Ass'n,* 605 F.3d 665, 679 n.6 (9th Cir. 2010) (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)).  In effect, a sealing order would require the Court to lock the courtroom doors as to the proffered material during the hearing.  While the decision to seal is within the trial court's discretion, the basis for sealing must be compelling.  *Pintos*, 605 F.3d at 679.

Defendant shall file an answer by no later than **November 5, 2012**.

This Order terminates Dkt. No. 66.

**IT IS SO ORDERED**.

Dated:  October 12, 2012

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**