DANIEL B. ASIMOW (No. 165661)
daniel.asimow@aporter.com
AMY L. BOMSE (No.  218669)
amy.bomse@aporter.com
ROBERT D. HALLMAN (No. 239949)
robert.hallman@aporter.com
ARNOLD & PORTER LLP
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111-4024
Telephone:    415.471.3100
Facsimile:    415.471.3400

IRA GOTTLIEB (*pro hac vice*)
igottlieb@mccarter.com
RICHARD HERNANDEZ (*pro hac vice*)
rhernandez@mccarter.com
JONATHAN SHORT (*pro hac vice*)
jshort@mccarter.com
McCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
Telephone:    973.622.4444
Facsimile:    973.624.7070

Attorneys for Plaintiff
PNY TECHNOLOGIES, INC.

ALLEN J. RUBY (SBN 47109)
Allen.Ruby@skadden.com
DAVID W. HANSEN (SBN 196958)
David.Hansen@skadden.com
JAMES P. SCHAEFER (SBN 250417)
James.Shaefer@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER
    & FLOM LLP
525 University Avenue, Suite 1100
Palo Alto, California 94301
Telephone:    650.470.4500
Facsimile:    650.470.4570

JAMES A. KEYTE (*pro hac vice*)
James.Keyte@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER
    & FLOM LLP
Four Times Square
New York, NY 10036
Telephone:    212.735.3000
Facsimile:    917.777.3000

RICHARD S. TAFFET (*pro hac vice*)
Richard.Taffet@bingham.com
BINGHAM McCUTCHEN LLP
399 Park Avenue
New York, NY 10022
Telephone:    212.705.7000
Facsimile:    212.752.5378

Attorneys for Defendant
SANDISK CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| PNY TECHNOLOGIES, INC.<br><br>Plaintiff,<br><br>v.<br><br>SANDISK CORPORATION<br><br>Defendant. | Case No.  4:11-cv-04689 YGR<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER INVOLVING PATENTS, HIGHLY SENSITIVE CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS** *AS MODIFIED IN PARAGRAPHS 6.3 & 7.4* |

1

2

WHEREAS, Plaintiff PNY Technologies, Inc. ("PNY") and Defendant SanDisk

3

Corporation ("SanDisk"), by and through their respective counsel of record, hereby STIPULATE

4

AND AGREE to, and ask that the Court enter the following order:

### STIPULATED PROTECTIVE ORDER

5

1.      PURPOSES AND LIMITATIONS

6

7

Disclosure and discovery activity in this action are likely to involve production of

8

confidential, proprietary, or private information for which special protection from public

9

disclosure and from use for any purpose other than prosecuting this litigation may be warranted.

10

Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated

11

Protective Order.  The parties acknowledge that this Order does not confer blanket protections on

12

all disclosures or responses to discovery and that the protection it affords from public disclosure

13

and use extends only to the limited information or items that are entitled to confidential treatment

14

under the applicable legal principles.  The parties further acknowledge, as set forth in Section

15

14.4, below, that this Stipulated Protective Order does not entitle them to file confidential

16

information under seal; Civil Local Rule 79-5 and General Order 62 set forth the procedures that

17

must be followed and the standards that will be applied when a party seeks permission from the

18

court to file material under seal.

2.      DEFINITIONS

19

2.1     Challenging Party: a Party or Non-Party that challenges the designation of

20

information or items under this Order.

21

2.2     "CONFIDENTIAL" Information or Items: information (regardless of how it is

22

generated, stored or maintained) or tangible things that qualify for protection under Federal Rule

23

of Civil Procedure 26(c).

24

2.3     Counsel (without qualifier): Outside Counsel of Record and House Counsel (as

25

well as their support staff).

26

2.4     Designated House Counsel: House Counsel who seek access to "HIGHLY

27

CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter.  Presently limited

28

to Bernard Shek, Esq., of SanDisk.

2.5    Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY".

2.6    Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.8    "ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.  PNY has requested, or may request, in this case production of documents produced or received by SanDisk in other cases that were not marked "Attorneys' Eye Only Information" because the operative protective orders in those cases required the use of different language, *e.g.*, "Confidential Business Information," "Outside Counsel Only," or "Highly Confidential."  To avoid unnecessary expense and delay, documents produced or received by SanDisk in prior litigation that are stamped, marked or otherwise identified as "Confidential Business Information," "Outside Counsel Only," or "Highly Confidential," or with other language indicating that they should be treated as "Attorneys' Eyes Only Information" under this Order, shall be treated as "Attorneys' Eyes Only Information" under this Order.  In connection with the production of such documents, SanDisk will inform PNY of the bates ranges containing such documents and that such documents shall be treated as "Attorneys' Eyes Only Information" in this

case.

2.9     House Counsel:   attorneys who are employees of a party in this action.  House Counsel does not include Outside Counsel of Record or any other outside counsel.

Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10     Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11     Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.12     Party:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13     Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.14     Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15     Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "ATTORNEYS' EYES ONLY."

2.16     Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.     SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following

[PROPOSED] STIPULATED PROTECTIVE ORDER          No. 4-11-cv-04689 YGR

information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

All CONFIDENTIAL information and ATTORNEYS' EYES ONLY information produced or exchanged in the course of this case shall be used by the party or parties to whom the information is produced solely for the purpose of this case.

4.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection.  Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are

[PROPOSED] STIPULATED PROTECTIVE ORDER        No. 4-11-cv-04689 YGR

shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2     Manner and Timing of Designations.  Except as otherwise provided in this Order (*see*, *e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)     for information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "ATTORNEYS' EYES ONLY") to each

page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

        (b)     for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

      Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

      Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall

inform the court reporter of these requirements.  Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed.  After the expiration of that period, the transcript shall be treated only as actually designated.

(c)     for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY".  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3     Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.  The parties shall attempt to resolve each challenge in

- 7 -

1  good faith and must begin the process by conferring directly (in voice to voice dialogue; other

2  forms of communication are not sufficient) within 14 days of the date of service of notice. In

3  conferring, the Challenging Party must explain the basis for its belief that the confidentiality

4  designation was not proper and must give the Designating Party an opportunity to review the

5  designated material, to reconsider the circumstances, and, if no change in designation is offered,

6  to explain the basis for the chosen designation. A Challenging Party may proceed to the next

7  stage of the challenge process only if it has engaged in this meet and confer process first or

8  establishes that the Designating Party is unwilling to participate in the meet and confer process in

9  a timely manner.

10  6.3   Judicial Intervention. If the Parties cannot resolve a challenge without court

11  intervention, the parties shall follow the Court's Standing Order in Civil Cases regarding

12  Discovery and Discovery Motions. The parties may file a joint letter brief regarding retaining

13  confidentiality within 21 days of the initial notice of challenge or within 14 days of the parties

14  agreeing that the meet and confer process will not resolve their dispute, whichever is earlier.

15  Failure by a Designating Party to file such discovery dispute letter within the applicable 21 or 14

16  day period (set forth above) with the Court shall automatically waive the confidentiality

17  designation for each challenged designation. If, after submitting a joint letter brief, the Court

18  allows that a motion may be filed, any such motion must be accompanied by a competent

19  declaration affirming that the movant has complied with the meet and confer requirements

20  imposed in the preceding paragraph. The Court, in its discretion, may elect to transfer the

21  discovery matter to a Magistrate Judge.

22  In addition, the parties may file a joint letter brief regarding a challenge to a

23  confidentiality designation at any time if there is good cause for doing so, including a challenge to

24  the designation of a deposition transcript or any portions thereof. If, after submitting a joint letter

25  brief, the Court allows that a motion may be filed, any motion brought pursuant to this provision

26  must be accompanied by a competent declaration affirming that the movant has complied with the

27  meet and confer requirements imposed by the preceding paragraph. The Court, in its discretion,

28

[PROPOSED] STIPULATED PROTECTIVE ORDER          No. 4-11-cv-04689 YGR

1  may elect to transfer the discovery matter to a Magistrate Judge.

2       The burden of persuasion in any such challenge proceeding shall be on the Designating

3  Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose

4  unnecessary expenses and burdens on other parties) may expose the Challenging Party to

5  sanctions. Unless the Designating Party has waived the confidentiality designation by failing to

6  file letter brief to retain confidentiality as described above, all parties shall continue to afford the

7  material in question the level of protection to which it is entitled under the Producing Party's

8  designation until the court rules on the challenge.

9  7.     ACCESS TO AND USE OF PROTECTED MATERIAL

10       7.1     Basic Principles.  A Receiving Party may use Protected Material that is disclosed

11  or produced by another Party or by a Non-Party in connection with this case only for prosecuting,

12  defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only

13  to the categories of persons and under the conditions described in this Order.  When the litigation

14  has been terminated, a Receiving Party must comply with the provisions of section 15 below

15  (FINAL DISPOSITION).

16       Protected Material must be stored and maintained by a Receiving Party at a location and

17  in a secure manner that ensures that access is limited to the persons authorized under this Order.

18       7.2     Disclosure of "CONFIDENTIAL" Information or Items.   Unless otherwise

19  ordered by the court or permitted in writing by the Designating Party, a Receiving Party may

20  disclose any information or item designated "CONFIDENTIAL" only to:

21           (a)     the Receiving Party's Outside Counsel of Record in this action, as well as

22  employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the

23  information for this litigation and who have signed the "Acknowledgment and Agreement to Be

24  Bound" that is attached hereto as Exhibit A;

25           (b)     the officers, directors, and employees (including House Counsel) of the

26  Receiving Party to whom disclosure is reasonably necessary for this litigation and who have

27  signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

28

1

(c)     Experts (as defined in this Order) of the Receiving Party to whom

2

disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment

3

and Agreement to Be Bound" (Exhibit A);

4

(d)     the court and its personnel;

5

(e)     court reporters and their staff, professional jury or trial consultants, mock

6

jurors participating in trial preparation proceedings and who have signed an Undertaking

7

approved in form by the Designating Party, and Professional Vendors to whom disclosure is

8

reasonably necessary for this litigation and who have signed the "Acknowledgment and

9

Agreement to Be Bound" (Exhibit A);

10

(f)     during their depositions, witnesses in the action to whom disclosure is

11

reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound"

12

(Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.  Pages of

13

transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be

14

separately bound by the court reporter and may not be disclosed to anyone except as permitted

15

under this Stipulated Protective Order.

16

(g)     the author or recipient of a document containing the information or a

17

custodian or other person who otherwise possessed or knew the information.

18

7.3     Disclosure of "ATTORNEYS' EYES ONLY" Information or Items.   Unless

19

otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving

20

Party may disclose any information or item designated "ATTORNEYS' EYES ONLY" only to:

21

(a)     the Receiving Party's Outside Counsel of Record in this action, as well as

22

employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the

23

information for this litigation and who have signed the "Acknowledgment and Agreement to Be

24

Bound" that is attached hereto as Exhibit A;

25

(b)     Designated House Counsel  (1) who has no involvement in competitive

26

decision-making, (2) to whom disclosure is reasonably necessary for this litigation, and (3) who

27

has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).  Presently, only

28

[PROPOSED] STIPULATED PROTECTIVE ORDER          No. 4-11-cv-04689 YGR

1  Bernard Shek, House Counsel at SanDisk is Designated House Counsel.  The parties agree to
2  meet and confer should either party wish to designate another person.

3          (c)     Experts of the Receiving Party (1) to whom disclosure is reasonably
4  necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be
5  Bound" (Exhibit A), and (3) who are not a current officer, director, or employee of a competitor
6  of a Party or anticipated to become one;

7          (d)     the court and its personnel;

8          (e)     court reporters and their staff, professional jury or trial consultants, mock
9  jurors participating in trial preparation proceedings and who have signed an Undertaking
10  approved in form by the Designating Party, and Professional Vendors to whom disclosure is
11  reasonably necessary for this litigation and who have signed the "Acknowledgment and
12  Agreement to Be Bound" (Exhibit A); and

13          (f)     the author or recipient of a document containing the information or a
14  custodian or other person who otherwise possessed or knew the information.

15  **7.4    PROCEDURES FOR APPROVING OR OBJECTING TO DISCLOSURE OF
16  "ATTORNEYS' EYES ONLY" INFORMATION OR ITEMS TO EXPERTS**

17          (a)     Unless otherwise ordered by the court or agreed to in writing by the
18  Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any
19  information or item that has been designated "ATTORNEYS' EYES ONLY" pursuant to
20  paragraph 7.3(c) first must make a written request to the Designating Party that (1) sets forth the
21  full name of the Expert and the city and state of his or her primary residence, (2) attaches a copy
22  of the Expert's current resume, (3) identifies the Expert's current employer(s), (4) identifies each
23  person or entity from whom the Expert has received compensation or funding for work in his or
24  her areas of expertise or to whom the expert has provided professional services, including in
25  connection with a litigation, at any time during the preceding five years (if the Expert believes
26  any of this information is subject to a confidentiality obligation to a third-party, the Expert shall
27  provide whatever information the Expert believes can be disclosed without violating any
28

1  confidentiality agreements, and shall make an affirmative representation that such services have

2  or have not involved participants in the flash memory industry), and (5) identifies (by name and

3  number of the case, filing date, and location of court) any litigation in connection with which the

4  Expert has offered expert testimony, including through a declaration, report, or testimony at a

5  deposition or trial, during the preceding five years.

6          (b)      A Party that makes a request and provides the information specified in the

7  preceding respective paragraphs may disclose the subject Protected Material to the identified

8  Expert unless, within 14 days of delivering the request, the Party receives a written objection

9  from the Designating Party. Any such objection must set forth in detail the grounds on which it is

10  based.

11          (c)      A Party that receives a timely written objection must meet and confer with

12  the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by

13  agreement within seven days of the written objection. If no agreement is reached, the parties

14  shall follow the Court's Standing Order in Civil Cases regarding Discovery and Discovery

15  Motions. The parties shall follow the Court's Standing Order in Civil Cases regarding Discovery

16  and Discovery Motions. Any such joint letter brief must describe the circumstances with

17  specificity, set forth in detail the reasons why the disclosure to the Expert is reasonably necessary,

18  assess the risk of harm that the disclosure would entail, and suggest any additional means that

19  could be used to reduce that risk. In addition, any such joint letter brief must be accompanied by

20  a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the

21  extent and the content of the meet and confer discussions) and setting forth the reasons advanced

22  by the Designating Party for its refusal to approve the disclosure.

23          In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden

24  of proving that the risk of harm that the disclosure would entail (under the safeguards proposed)

25  outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

26

27

28

- 12 -

8. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" that Party must:

(a)    promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9. **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a)    The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY".  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

- 13 -

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.     promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.     make the information requested available for inspection by the Non-Party.

(c)     If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**11.   11   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL.**

2

3   When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).   This provision is not intended to modify whatever procedures may be established in an e-discovery order that provides for production without prior privilege review.   Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney- client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

**12.   12   MISCELLANEOUS**

13   **12.1   Right to Further Relief.**  Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

15   **12.2   Right to Assert Other Objections**.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.   Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

20   **12.3   Export Control.**  Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere.   The Producing Party shall be responsible for identifying any such controlled technical data and the Receiving Party shall take measures to ensure compliance.

25   **12.4   Filing Protected Material**.  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.   A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5 and General Order 62.   Protected

Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5 and General Order 62, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) and General Order 62 is denied by the court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court.

13.     <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

- 16 -

DATED:  March 5, 2013.                ARNOLD & PORTER LLP

2
                                      By:  /s/ *Daniel B. Asimow*
3                                          DANIEL B.  ASIMOW

4                                     Attorneys for Plaintiff
                                      PNY TECHNOLOGIES, INC.
5
DATED:  March 5, 2013.                SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
6
                                      By:  /s/ *David W. Hansen*
7                                          DAVID W.  HANSEN

8                                     Attorneys for Defendant
                                      SANDISK CORPORATION
9

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**
10
DATED:  March 13 , 2013.
11

12                                    _____
                                           **YVONNE GONZALEZ ROGERS**
13                                         **UNITED STATES DISTRICT JUDGE**

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 17 -

1

## **FILER'S ATTESTATION**

2

I, Daniel B. Asimow, am the ECF user whose identification and password are being used

3

to file this **[PROPOSED] STIPULATED PROTECTIVE ORDER INVOLVING PATENTS,**

4

**HIGHLY SENSITIVE CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS**.

5

In compliance with General Order 45.X.B, I hereby attest that David W. Hansen concurs in this

6

filing.

7

/s/ *Daniel B. Asimow*

8

DANIEL B. ASIMOW

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER          No. 4-11-cv-04689 YGR

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of

perjury that I have read in its entirety and understand the Stipulated Protective Order that was

issued by the United States District Court for the Northern District of California on

[_____] in the case of *PNY Technologies, Inc. v. SanDisk Corporation*, Case

No. 4:11-cv-04689 YGR. I agree to comply with and to be bound by all the terms of this

Stipulated Protective Order and I understand and acknowledge that failure to so comply could

expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will

not disclose in any manner any information or item that is subject to this Stipulated Protective

Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Northern District of California for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone

number] as my California agent for service of process in connection with this action or any

proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____
                    [printed name]

Signature: _____
                    [signature]

EXHIBIT A TO PROTECTIVE ORDER                    No. 4-11-cv-04689 YGR