UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PNY TECHNOLOGIES, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>SANDISK CORPORATION,<br><br>    Defendant. | Case No. 11-cv-04689-WHO<br><br>**ORDER DENYING ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Re: Dkt. No. 173 |

## INTRODUCTION

On December 20, 2013, plaintiff PNY Technologies, Inc. ("PNY") filed an Administrative Motion to File Under Seal Portions of PNY's Motion for Leave to Amend and Supplement Its First Amended Complaint and Its Proposed Second Amended Complaint. Dkt. No. 173. PNY submitted the Declaration of Robert D. Hallman in support of its motion. Dkt. No. 173-1. Because the documents sought to be filed under seal contain information that defendant Sandisk Corporation ("Sandisk") considers confidential, Sandisk also submitted a declaration in support of the motion. Dkt. No. 174.

For the reasons below, the motion is DENIED.

## LEGAL STANDARD

Courts have long recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978). But this right is not absolute. To balance the competing interests of the public's right of inspection against litigants' need for confidentiality, a party seeking to file under seal matters related to dispositive motions must provide "compelling reasons" to do so; similarly, a party seeking to file under seal matters related to non-dispositive motions must

provide "good cause" to do so. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). Even under the laxer "good cause" standard, a party seeking to seal materials must make a "particularized showing . . . with respect to any individual document" to justify its request. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1138 (9th Cir. 2003). Under that standard, a party that only offers "tepid and general justifications" necessarily "fail[s] to demonstrate any specific prejudice or harm." *See Kamakana*, 447 F.3d at 1186. "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning," are insufficient. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (internal quotation marks and citation omitted).

## DISCUSSION

The motion to seal is DENIED. As an initial matter, PNY has not fully complied with Civil Local Rule 79-5, which governs the filing of documents under seal. It failed to (1) provide an unredacted version of the documents that "indicate[s], by highlighting or other clear method, the portions of the document that have been omitted from the redacted version," CIVIL L. R. 79-5(d)(1)(D); (2) provide a proposed order "which lists in table format each document or portion thereof that is sought to be sealed," CIVIL L. R. 79-5(d)(1)(B); and (3) properly mark its documents according to the rule, CIVIL L. R. 79-5(d)(1)(C)–(D). This alone warrants denying the motion to seal.

More importantly, the declarations in support of the motion from both parties are utterly deficient. As the Ninth Circuit has instructed, the failure to provide specific and articulated explanations of prejudice or harm is insufficient to justify filing documents under seal. In addition, Civil Local Rule 79-5(d)(1)(A) states, "Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." For certain materials, PNY provides nothing more than a bare assertion of harm, stating that the documents "contain confidential and proprietary business information" and that "[o]n information and belief, PNY would likely be harmed by the disclosure of such information, which includes competitively sensitive information regarding pricing, costs and profit margins." Hallman Decl. ¶ 4. For other materials, PNY justifies sealing

based solely on a confidentiality agreement between the parties themselves without explaining what harm or prejudice may result from disclosure. Hallman Decl. ¶¶ 3, 5. Sandisk, on the other hand, makes no attempt to explain how it will be harmed by any disclosure and instead justifies sealing the materials by only referencing the stipulated protective order in this case. Such declarations do not comport with Ninth Circuit law or the Court's rules requiring a particularized showing of need. Without adequately explaining the basis for the motion, the motion must be denied.

## CONCLUSION

Because the parties provide nothing more than "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning" of "specific prejudice or harm" and only point to the protective order to justify sealing, the motion to seal is DENIED. Any renewed motion to seal must comply with Ninth Circuit law and the Court's rules.

**IT IS SO ORDERED.**

Dated: December 31, 2013

WILLIAM H. ORRICK
United States District Judge

3