UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PNY TECHNOLOGIES, INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SANDISK CORPORATION,<br><br>　　　　Defendant. | Case No. 11-cv-04689-WHO<br><br>**ORDER GRANTING MOTION FOR LEAVE TO AMEND AND SUPPLEMENT FIRST AMENDED COMPLAINT**<br><br>Re: Dkt. No. 185 |

## INTRODUCTION

Plaintiff PNY Technologies, Inc. ("PNY"), moves for leave to amend and supplement its First Amended Complaint ("FAC") to assert two additional causes of actions and add supporting factual allegations against defendant SanDisk Corporation ("SanDisk"). The two new causes of action charge attempted monopolization and exclusive dealing in the market for Secure Digital ("SD") flash memory cards. PNY seeks leave to "amend" and "supplement" because its proposed amendments are based on conduct both predating and after the filing of the FAC. Based on the parties' briefs and for the reasons below, the motion for leave to amend and supplement the FAC is GRANTED.

## BACKGROUND

The FAC charges SanDisk with engaging in anticompetitive conduct in the flash memory technology market, specifically, the market for USB flash memory drives. PNY filed this action on September 21, 2011. Dkt. No. 1. On April 20, 2012, the Honorable Yvonne Gonzales Rogers dismissed the complaint with leave to amend. Dkt. No. 50. On July 10, 2012, PNY filed its FAC. Dkt. No. 65. On October 14, 2012, Judge Gonzales Rogers denied SanDisk's motion to dismiss the FAC. Dkt. No. 75.

On April 25, 2013, Judge Gonzales Rogers issued a Case Management and Pretrial Order. Dkt. No. 100. The Order set December 20, 2013, as the last day to join parties or amend pleadings; it also set December 6, 2013, as the close of fact discovery. On August 27, 2013, the Court held a case management conference and extended the fact discovery cutoff to February 17, 2014. Dkt. No. 144. On November 19, 2013, the Court held another case management conference and extended the fact discovery cutoff to April 18, 2014. Dkt. No. 16. Trial is set for January 12, 2015. On December 20, 2013—the last day to amend pleadings—PNY filed this motion.

The FAC alleges that SanDisk—the dominant player in the flash memory industry—has used threats of patent infringement lawsuits and licenses with punitive royalties to eliminate competition in the market for flash memory chips. Br. 4-5. SanDisk has also allegedly entered anticompetitive exclusive dealing arrangements with key retailers, agreements which foreclose competition in the flash memory market. Br. 6. This has purportedly led to an increase in consumer prices. Br. 6.

In addition to the above allegations, PNY argues that it now has sufficient factual support to assert a claim for attempted monopolization and for exclusive dealing in the market for SD flash memory cards. Br. 6-7. It therefore brings this motion to add those claims to the FAC.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 15(a) provides that a party may amend its pleading once as a matter of course within (1) 21 days after serving the pleading or (2) 21 days after the earlier of service of a responsive pleading or service of a Rule 12(b) motion. FED. R. CIV. PRO. 15(a). Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave," though the court "should freely give leave when justice so requires." *Id.* In *Lockheed Martin Corp. v. Network Solutions, Inc.*, the Ninth Circuit stated that leave to amend should be freely given absent "(1) bad faith on the part of the plaintiffs; (2) undue delay; (3) prejudice to the opposing party; and (4) futility of the proposed amendment." 194 F.3d 980, 986 (9th Cir. 1999). These factors do not "merit equal weight," and "it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). "Absent prejudice, or a strong showing of any

2

of the remaining [] factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.* (original emphasis).

Federal Rule of Civil Procedure 15(d) provides, "On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." FED. R. CIV. PRO. 15(d). "The purpose of Rule 15(d) is to promote as complete an adjudication of the dispute between the parties as is possible." *LaSalvia v. United Dairymen of Ariz.*, 804 F.2d 1113, 1119 (9th Cir. 1986) (citation and brackets omitted). "The standards for granting a motion for leave to file a supplemental pleading are the same as those for granting a motion to file an amended complaint under Rule 15(a)." *Frederick v. Calif. Dep't of Corr. & Rehab.*, No. 08-cv-2222-MMC, 2012 WL 2077305, at *2 (N.D. Cal. June 8, 2012) (citation omitted). "The court should also consider whether permitting the supplemental pleading will serve to promote judicial efficiency." *Id.*

**DISCUSSION**

**I.     THE NEW CAUSES OF ACTION ARE RELATED TO THE FAC.**

As an initial matter, SanDisk argues that PNY is improperly bringing its motion under Federal Rule of Civil Procedure 15(a)(2) even though Rule 15(d) is the governing rule. SanDisk argues that because PNY is actually seeking to supplement, rather than merely amend, its pleadings, the Court should deny PNY's motion because it improperly attempts to introduce a "separate, distinct and new cause of action." Opp'n 5. SanDisk points out that PNY says in its motion brief that "certain aspects of the information newly alleged in the SAC supplements—rather than amends—PNY's prior pleadings with facts occurring after the FAC was filed . . . ." Br. 2. Federal Rule of Civil Procedure 15(d), which governs "Supplemental Pleadings," therefore applies. Opp'n 5.

SanDisk is correct that Rule 15(d) is applicable to at least some portion of PNY's proposed changes. PNY acknowledges that the changes "supplement" the pleadings with facts that arose after the FAC was filed. *See* Br. 2. Even though PNY "move[s] for leave to amend and supplement" its FAC, Br. 1, its motion brief does not directly address Rule 15(d) and only

3

discusses Rule 15(a). That is a distinction with little difference, however, because "[t]he standards for granting a motion for leave to file a supplemental pleading are the same as those for granting a motion to file an amended complaint under Rule 15(a)." *Frederick*, 2012 WL 2077305, at *2. The only material legal difference is that PNY may not supplement its pleadings with a "separate, distinct and new cause of action," an issue the Court turns to next.

Given reasonable notice, a court "may" grant leave "on just terms" to supplement pleadings, "setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." FED. R. CIV. PRO. 15(d). "While leave to permit supplemental pleading is 'favored,' it cannot be used to introduce a 'separate, distinct and new cause of action.'" *Planned Parenthood of S. Ariz. v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997) (citations omitted). The goal of Rule 15(d) is to promote judicial efficiency. *Id.* "To determine if efficiency might be achieved, courts assess 'whether the entire controversy between the parties could be settled in one action.'" *Id.* (citation and ellipses omitted). "The clear weight of authority . . . in both the cases and the commentary, permits the bringing of new claims in a supplemental complaint to promote the economical and speedy disposition of the controversy." *Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1988). "While the matters stated in a supplemental complaint should have some relation to the claim set forth in the original pleading, the fact that the supplemental pleading technically states a new cause of action should not be a bar to its allowance, but only a factor to be considered by the court in the exercise of its discretion, along with such factors as possible prejudice or laches." *Id.* (citing 3 JAMES W. MOORE, MOORE'S FEDERAL PRACTICE ¶ 15.16[3] (1985)); *see also Copeland v. Lane*, 11-cv-1058-EJD, 2013 WL 1899741, at *5 (N.D. Cal. May 6, 2013) ("Matters newly alleged in a supplemental complaint must have some relation to the claims set forth in the original pleading.").

SanDisk argues that PNY's proposed claims for attempted monopolization and exclusive dealing related to the SD card market are separate, distinct, and new causes of action because its existing claims in the FAC relate to USB flash memory drives only. Opp'n 6. While the scope of ongoing discovery includes SD cards, SanDisk claims that PNY sought such discovery only on the basis that the SD card market is an appropriate "benchmark" market for the USB market to see the

4

extent of anticompetitive effects in the latter market. Opp'n 6. The new claims are also based on arrangements that SanDisk entered after the FAC was filed, but the "exclusive dealing" allegation in the FAC only involves USB arrangements entered before the FAC was filed. Opp'n 6. Because the new causes of action are separate, distinct, and new, SanDisk urges that PNY should be barred from supplementing its FAC.

The Court concludes that the new claims are not "separate, distinct and new cause[s] of action" such PNY may not supplement its FAC. The new claims must merely "have *some* relation to the claim set forth in the original pleading." *Keith*, 858 F.2d at 473 (emphasis added). The SD card market is allegedly a separate antitrust product market from the USB flash drive market, but SanDisk does not dispute that they are closely related. Nor does SanDisk dispute that the new claims involve similar allegedly anticompetitive conduct, i.e., the use of exclusive dealing arrangements. *See* Opp'n 6 ("In the FAC, the alleged exclusive dealing arrangements had already been entered into . . . ."). Indeed, the challenged agreements do not have to be the same because "[w]hile some relationship must exist between the newly alleged matters and the subject of the original action, they need not all arise out of the same transaction." *Keith*, 858 F.2d at 474. Furthermore, the products are apparently similar enough that the parties wanted to use one market as a benchmark for assessing any anticompetitive effects in the other. The new claims have "some relation" to the FAC's existing claims.

Denying PNY leave to supplement its pleading would not "promote judicial efficiency." *Neely*, 130 F.3d at 402. If the Court denied leave, PNY would likely file a new and separate suit, thereby burdening another judge with new claims related to ones already before the Court. The two suits would move on separate paths, and the parties would have to engage in separate rounds of discovery, motion practice, and (potentially) trial, thereby incurring greater costs and duplicative efforts. A separate jury would have to be empaneled. The policy behind Rule 15(d) is better served if "the entire controversy between the parties could be settled in one action." *Id.*

Like Rule 15(a)'s mandate that leave to amend should be "freely give[n]," the Ninth Circuit (quoting a Fourth Circuit opinion with approval) has said that leave to supplement pleadings "ought to be allowed as of course, unless some particular reason for disallowing them

5

appears, though the court has the unquestioned right to impose terms upon their allowance when fairness appears to require them." *Keith*, 858 F.2d at 473 (quoting *New Amsterdam Casualty Co. v. Waller*, 323 F.2d 20, 28-29 (4th Cir. 1963)). PNY should therefore be afforded the opportunity to supplement its pleadings absent undue delay, prejudice, or bad faith.[1]

## II.  PNY DID NOT UNDULY DELAY BRINGING THIS MOTION.

PNY argues that it did not unduly delay in bringing this motion because the motion comes on the last day to which the parties stipulated for amending pleadings, about four months before the close of fact discovery, before any "significant" depositions have occurred, and before any written discovery has been served. Br. 11. PNY claims that it "appropriately deferred adding any new claims until it had satisfactory evidence . . . to support them." Reply 3. It says that it waited until "discovery illuminated and clarified the extent, the purpose, and the effect" of SanDisk's exclusive arrangements with retailers before bringing this motion. Reply 4. Further, PNY claims that it did not bring this motion earlier because of SanDisk's "obstreperousness in discovery that prevented [it] from learning the facts that give rise to [its] proposed amendments." Br. 11 (citing *Tourgeman v. Collins Fin. Servs., Inc.*, No. 08-cv-1392, 2010 WL 4817990, at *5 (S.D. Cal. Nov. 22, 2010)). It points out that SanDisk's document production has not been completed and that SanDisk's obstructive behavior has necessitated several motions to compel and multiple hearings before the Honorable Jacqueline Corley.

SanDisk argues that PNY unduly delayed bringing these claims because "PNY admits that it was aware that SanDisk's share of the SD card market was 'substantial' prior to the filing of this lawsuit." Opp'n 10 (citing Br. 7:20-22).

The Court concludes that PNY did not unduly delay bringing this motion. PNY sought leave to amend its pleading within the timeframe for doing so. This fact alone strongly shows that PNY did not unduly delay. Of course, "[r]elevant to evaluating the delay issue is whether the moving party knew or should have known the facts and theories raised by the amendment in the

---

[1] Although futility of amendment is typically one factor in this analysis, because SanDisk chose not to address the issue in its opposition brief, Opp'n 3 n.1, and the Court finds that the other factors weigh in favor of granting the motion, there is no need to discuss it.

6

1    original pleading." *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1388 (9th Cir. 1990).  While
2    SanDisk points out that PNY was long aware of SanDisk's "sizeable share" of the market for SD
3    cards, a large share alone is insufficient to bring a cause of action for attempted monopolization.
4    PNY persuasively argues that it did not bring this cause of action until it learned of the full extent
5    of SanDisk's exclusive dealing arrangements with retailers, which forms the basis for its
6    attempted-monopolization claim.  SanDisk acknowledges that these agreements were not entered
7    until August and December of 2013.  Opp'n 10.  Given that PNY brought this motion within the
8    same month in which some of these agreements were entered, SanDisk fails to show that PNY
9    unduly delayed bringing its new claims.

**III.    ALLOWING THE NEW CLAIMS WILL NOT PREJUDICE SANDISK.**

PNY argues that "[t]he new claims are no surprise to SanDisk, and PNY does not presently anticipate that the discovery schedule needs to be altered to accommodate its additional claims, or that any significant broadening of the current scope of the discovery is necessary."  Br. 12.  PNY points out that it brought its motion within the time period for seeking leave to amend; four months remain for fact discovery; no written discovery has been propounded; and only a single foundational deposition has been taken.  Br. 13.  Denying the motion would entail filing a separate action in any event.  Consequently, allowing the new claims will not prejudice SanDisk.

SanDisk argues that, until now, PNY had never alleged any misconduct related to the SD card market; the original complaint was limited to compact flash cards, solid state drives, and USB flash drives, and the FAC was narrowed down to USB flash drives only.  Opp'n 7.  SanDisk disputes PNY's argument that SD cards are "related" to USB flash drives.  Opp'n 9.  It asserts that it would be prejudiced because it would have to conduct further discovery given the additional product market.  Opp'n 8 (citing *City of New York v. Grp. Health Inc.*, 649 F.3d 151, 156-58 (2d Cir. 2011)).  SanDisk would also have to engage in third-party discovery for the exclusive dealing cause of action to see whether the challenged agreements have procompetitive benefits.  Given PNY's representation that discovery related to SD cards was sought on the basis that they were an appropriate benchmark, SanDisk says that it "had no reason to conduct discovery necessary to rebut claims alleging anticompetitive conduct related to an SD card market."  Opp'n 9.

7

"The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). "A need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend the complaint." *Lockheed Martin Corp.*, 194 F.3d at 986. However, "[t]he burden of having to defend a new claim alone is not undue prejudice under Rule 15," *Dep't of Fair Employment & Hous. v. Law Sch. Admission Council, Inc.*, No. 12-cv-1830-EMC, 2013 WL 485830, at *5 (N.D. Cal. Feb. 6, 2013), because the "liberality in granting leave to amend is not dependent on whether the amendment will add causes of action or parties," *DCD Programs*, 833 F.2d at 186. Nor does "the prospect of additional discovery needed by the non-moving party in itself constitute a sufficient showing of prejudice." *Tyco Thermal Controls LLC v. Redwood Industrials*, No. 06-cv-7164-JF, 2009 WL 4907512, at *3 (N.D. Cal. Dec. 14, 2009); *see also Genentech, Inc. v. Abbott Labs.*, 127 F.R.D. 529, 531 (N.D. Cal. 1989) ("Defendant asserts that the addition of the amendments in issue would require it to depose numerous witnesses across the country who have been previously questioned and would necessitate additional document searches and written discovery. . . . Such delays do not constitute undue prejudice to the defendant.").

SanDisk cites two cases to support its assertion of prejudice, but neither helps it. In *City of New York v. Group Health, Inc.*, 649 F.3d 151, 156-58 (2d Cir. 2011), the City of New York sought leave to amend to add *alternative* antitrust markets to its pleadings, not separate antitrust markets as is the case here. The Second Circuit held that allowing the City's requested amendment, which was only filed after the defendant moved for summary judgment and nine days before the City's opposition papers were due, would unduly prejudice the defendant given that there had already been several years of discovery and the district court had expressed misgivings about the City's alleged market three years before the City sought leave to amend. Here, PNY seeks to add new claims about a different market based on agreements that SanDisk entered only within the last few months. Discovery is ongoing and no summary judgment motion has been filed. *Group Health* is inapposite.

Similarly, SanDisk's citation to *Athena Feminine Technologies Inc. v. Wilkes*, No. 10-cv-4868-SBA, 2013 WL 450147 (N.D. Cal. Feb. 6, 2013), is unhelpful. There, the court stated,

8

"Allowing Plaintiff to state new claims at this juncture undoubtedly would necessitate an enlargement of the discovery cut-off date, which, in turn, will delay trial." The action "ha[d] been pending for over two years and discovery [was going to] close shortly," but the "Plaintiff chose not to conduct any discovery since the commencement of this case." *Wilkes*, 2013 WL 450147, at *3. That is not the case here. PNY and Sandisk have been conducting (and fighting over) discovery. Four months of discovery remained when this motion was filed.

SanDisk has a heavy burden of showing prejudice given that the motion to amend the pleadings came with four months remaining for discovery and within the time period for making a motion to amend. *See Mixt Greens v. Sprout Cafe*, No. 08-cv-5175-EMC, 2010 WL 2794388, at *2 (N.D. Cal. July 15, 2010) ("Ninth Circuit case law indicates that prejudice may effectively be established by demonstrating that a motion to amend was made after the cutoff date for such motions, or when discovery had closed or was about to close."). The fact that new causes of action are being alleged for a different product does not constitute prejudice because Rule 15 specifically allows for new causes of action so long as they have "some relation" to the existing claims, which they do here. It does not matter that SanDisk may need to conduct discovery that it did not expect to conduct since "the prospect of additional discovery needed by the non-moving party in itself [does not] constitute a sufficient showing of prejudice." *Tyco Thermal Controls*, 2009 WL 4907512, at *3. As PNY correctly notes, "it is far more practical and less burdensome for *both* parties to have the additional claims included in this action rather than litigating closely related issues in two separate cases." Reply 6. SanDisk will have to conduct this discovery, whether in this case or a separate one. It has ample opportunity to do so within the current case management schedule here. Judicial economy does not weigh in favor of a separate case. The Court concludes that SanDisk has not met its burden of showing prejudice as a result of the proposed amendment.

**IV. PNY DID NOT ACT IN BAD FAITH.**

SanDisk argues that PNY's SD card-related claims are based on discovery obtained under a false pretense. While the FAC relates only to USB flash drives, in July 2013, PNY sought discovery related to SD cards because it said it wanted to use SD cards as a "benchmark" for

9

measuring antitrust impact in the USB flash drive market. Opp'n 10. PNY now seeks to use that discovery to bring new claims.

PNY argues that it does not bring this motion on bad faith because it only made allegations in the FAC for which it had sufficient knowledge to make when it was filed. Br. 10. It claims that SanDisk was "on notice that competition was being harmed by SanDisk's exclusive dealing arrangements with key distributors for Flash Memory Card Products," Br. 10, citing correspondence between the parties' counsel (included in SanDisk's opposition to this motion) which reflects that PNY stated that "SD products also are relevant to PNY's exclusive dealing allegations." Reply 2 (quoting Schaefer Opp'n Decl. 2). The letter continues, "[PNY] do[es] not consent to excluding documents bearing on the SD licensing program or its market effects, or documents relating to any exclusive dealing relationships with retailers over SD products." *Id.* at 3. PNY therefore argues that it "was upfront with SanDisk throughout the course of discovery" that it was focusing on flash memory products but was also interested in SD cards.

The Court concludes that there is an insufficient showing of bad faith, if there is any, to deny leave to amend and supplement. Assuming SanDisk is right that PNY represented that it only sought discovery on SD cards for purposes of creating a benchmark, the fact that PNY then brought claims related to SD cards does not clearly show bad faith: as PNY states, and SanDisk recognizes, the "new claims are based on alleged exclusive agreements SanDisk and retailers that were not entered until August and December of 2013." Opp'n 10. These agreements were signed after PNY explained the basis for its discovery requests related to SD cards in July 2013. Because these agreements did not exist until recently, PNY did not have a sufficient basis for bringing claims related to SD cards sooner. PNY does not appear to have acted in bad faith when it explained the basis for its discovery request in July 2013 or in bringing this motion.

## CONCLUSION

The Court concludes that PNY's two new causes of action are sufficiently similar to the claims already in the FAC. Allowing supplementation and amendment would not unduly prejudice SanDisk, nor did PNY unduly delay bringing this motion or exhibit bad faith in doing so. "To require [PNY] to commence a new and separate action in these circumstances would have

10

been to insist upon an empty formalism," *United States for Use of Atkins v. Reiten*, 313 F.2d 673, 675 (9th Cir. 1963), and would not serve the cause of judicial efficiency.

PNY's motion for leave to amend and supplement its FAC is GRANTED.  PNY is ORDERED to file its amended complaint within three days from the date of this Order.  SanDisk shall file an answer within 21 days of the filing of the amended complaint unless it files a motion under Rule 12 within that time period.

**IT IS SO ORDERED.**

Dated:  January 27, 2014



WILLIAM H. ORRICK
United States District Judge