UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PNY TECHNOLOGIES, INC.,

Plaintiff,

v.

SANDISK CORPORATION,

Defendant.

Case No. 11-cv-04689-WHO

**ORDER DENYING ADMINISTRATIVE MOTION TO SEAL**

Re: Dkt. No. 191

On February 18, 2014, defendant Sandisk Corporation filed an Administrative Motion to File Under Seal Limited Portions of SanDisk's Motion to Dismiss Counts V and VI of the Second Amended Complaint, Portions of the Request for Judicial Notice and Certain Retailer Agreements. Dkt. No. 191. For the reasons below, the motion is DENIED WITHOUT PREJUDICE.

## LEGAL STANDARD

Courts have long recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978). But this right is not absolute. To balance the competing interests of the public's right of inspection against litigants' need for confidentiality, a party seeking to file under seal matters related to dispositive motions must provide "compelling reasons" to do so. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning," are insufficient. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (internal quotation marks and citation omitted). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).

**DISCUSSION**

Because the underlying motion is a dispositive motion, the "compelling reasons" standard applies.

The Court recognizes SanDisk's effort to provide a narrowly tailored motion to seal that complies with the Civil Local Rules. The motion is denied, however, because the proposed redactions are ultimately too broad and not sufficiently supported by compelling reasons to file the materials under seal. At the end of this Order, the Court identifies information that may be sealed if SanDisk wishes.

As an initial matter, for those documents for which SanDisk seeks to file under seal on the basis that the information was "[p]reviously ordered redacted by this Court on January 13, 2014[ ] (Dkt. 184 [ ])," *see* Dkt. No. 191-2 at 1, the Court finds that the proposed redactions extend further than what the Court has actually ordered redacted. In several instances, the Court only ordered names of third parties to be redacted, but SanDisk's proposed redactions go beyond those. This is not appropriate.

More importantly, many of the proposed redactions—while they are not wholesale redactions of entire documents or pages—go beyond what is necessary to protect commercially sensitive and third-party information. SanDisk justifies its proposed redactions by arguing that "[d]isclosure of this information could allow SanDisk's competitors to leverage non-public information . . . to undercut SanDisk's negotiations" or could "allow other retailers to gain an unfair advantage in negotiations with SanDisk" by demanding terms that other agreements contain. SanDisk Decl. ¶ 5. SanDisk further contends that disclosure of the information can "giv[e] its competitors and other retailers improper insight into product and supply terms that SanDisk has or is willing to accept." *Id.* These reasons are neither sufficiently "specific" nor "articulated." *Beckman Indus.*, 966 F.2d at 476. But even assuming that they are, having reviewed the materials submitted, the Court is not persuaded that more limited redactions cannot protect any "compelling reasons" SanDisk has for seeking to seal the materials.

This case is ultimately about SanDisk's agreements with third parties and whether those agreements could have an unlawful anticompetitive effect. The terms of SanDisk's agreements go

2

United States District Court
Northern District of California

to the heart of this case.  Accordingly, the public has a right to know on what bases the Court will decide the merits of this action.  Redacting the names and any particularized identifying information of third parties, as well as any numeric figures, is sufficient to protect SanDisk and third parties from any harm that disclosure of these documents may cause.

As the Ninth Circuit decided in *Foltz v. State Farm Mutual Auto Insurance Co.*, "Simply redacting the identifying information of third parties (e.g., their names, addresses, telephone numbers[ ]) from these records and disclosing the remaining information would not injure the third parties but would reveal only [the defendant's] actions . . . . This disclosure might harm [the defendant] by exposing it to additional liability and litigation . . . but a litigant is not entitled to the court's protection from this type of harm." 331 F.3d 1122, 1137 (9th Cir. 2003).  The same applies here.  While SanDisk argues that the mere disclosure of contractual terms may harm it, a competitor or customer could not meaningfully use such information to its benefit without knowing who the third party is since that competitor or customer would have no context—such as the size, needs, competitive position, and other relevant characteristics of the third party—against which to understand those negotiated terms.

## CONCLUSION

The motion is DENIED WITHOUT PREJUDICE.  SanDisk may submit a renewed motion to seal within seven days of the date of this Order.  The only information that may be redacted are (1) information for which the Court has already allowed to be filed under seal; (2) the names and other discrete identifying information of third parties; and (3) numeric figures, such as dollar amounts or product quantities.  As with its previous Order on PNY's motion to file under seal, the Court is very unlikely to reconsider this Order.  However, if SanDisk can identify any other narrow category of information which falls under the "compelling reasons" standard and provides

United States District Court
Northern District of California

1

specific, "articulable facts" that meet the "high threshold" for sealing documents related to

2

dispositive motions, the Court may consider it.  *Kamakana*, 447 F.3d at 1180-81.

3

      **IT IS SO ORDERED.**

4

Dated: February 20, 2014

5



6

       WILLIAM H. ORRICK
       United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California