UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PNY TECHNOLOGIES, INC., <br> Plaintiff, <br> v. <br> SANDISK CORPORATION, <br> Defendant. | Case No. 11-cv-04689-WHO <br><br> **ORDER DENYING MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE** <br><br> Re: Dkt. No. 242 |

On June 2, 2014, plaintiff PNY Technologies, Inc., moved for relief from a nondispositive pretrial order by the Honorable Jacqueline Scott Corley denying PNY's motion to amend the protective order in place to permit PNY's chief executive officer, Gadi Cohen, to attend the full depositions of employees of defendant SanDisk Corporation. PNY justifies its motions based on SanDisk's alleged excessive and unjustified designations of documents as Attorneys' Eyes Only ("AEO"), which PNY argues impedes its ability to prepare for trial because no one at PNY may see those documents since it does not have in-house counsel.

Having reviewed Judge Corley's order and finding nothing "clearly erroneous" or "contrary to law," the motion for relief is DENIED. FED. R. CIV. P. 72(a).[1]  It is apparent that PNY did not attempt to make a particularized showing of why it is necessary for Mr. Cohen to attend the depositions and how its complaint that SanDisk is overdesignating materials as AEO relates to that need.

I will add this cautionary note, which should be obvious. The protective order sets a high

---

[1] This motion was filed along with an administrative motion to seal excerpts of the motion for relief and exhibits to the Declaration of Drew Robertson. Finding good cause, the motion to seal is GRANTED.

bar for materials that may be designated as AEO. PNY alleges that SanDisk may have abused its ability to designate documents as such by, for example, designating an entire deposition transcript as AEO. In its declaration supporting an accompanying motion to seal, SanDisk accuses PNY of the same conduct. McCormack Decl. (Dkt. No. 246) ¶ 8. I do not know if and to what extent the parties may be doing this, but I do know that the efforts to seal materials in this case that should be part of the public record have been overly aggressive, and that makes me wonder if the same behavior is occurring with respect to AEO designations. To be clear, the over-designation of materials as AEO, when it occurs, is evidence of unacceptable gamesmanship. It has no place in this or any other court. With that in mind, I suggest that the parties review their AEO designations as soon as possible to ensure that they comply with the standards set forth in the protective order and to avoid further discovery disputes on this issue before Judge Corley.

**IT IS SO ORDERED.**

Dated: June 9, 2014

_____
WILLIAM H. ORRICK
United States District Judge