UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PNY TECHNOLOGIES, INC., <br> Plaintiff, <br> v. <br> SANDISK CORPORATION, <br> Defendant. | Case No. 11-cv-04689-WHO (JSC) <br><br> **ORDER RE: JOINT DISCOVERY LETTERS** <br> Re: Dkt. Nos. 256, 257 |

Now pending before the Court is SanDisk's motion, via joint discovery letter, to compel Plaintiff PNY Technologies, Inc. ("PNY") to supplement its responses to certain interrogatories and to supplement its Rule 26 initial disclosures with regard to the identification of witnesses. (Dkt. No. 256.) Also pending is PNY's joint discovery letter seeking to compel SanDisk to state when it will produce documents it has agreed to produce. (Dkt. No. 257.) After carefully reviewing the letters and attached exhibits, the Court concludes that oral argument at this point is unnecessary. *See* Civ. L.R. 7-1(b).

**A.     SanDisk's Request**

With respect to SanDisk's interrogatory numbers 3, 12, 20, and 24, there is nothing inappropriate about SanDisk using interrogatories to discover the basis for PNY's very specific allegations in its Third Amended Complaint. PNY's response that SanDisk could discover the information by other means is immaterial. PNY does not cite, and the Court is not aware, of any law that requires a party to utilize depositions rather than interrogatories to discover information such as the names of percipient witnesses.

SanDisk's interrogatories ask for the "complete basis" of certain factual contentions in the TAC. In response, PNY has made certain allegations; for example, alleging that the effect of

1   SanDisk's uniform license "is that aggregators must pay an 8% penalty if they buy MLC flash
2   memory chips not licensed from SanDisk—which in effect means not buying from Micron."
3   (Dkt. No 256 at 2.) This response, however, is not the "complete basis" because it does not tell
4   SanDisk the basis for PNY's 8% penalty allegation. Is there a written provision in the uniform
5   license? If so, which provision? Is there an oral agreement? If so, who made the oral agreement?
6   SanDisk is permitted to conduct its own investigation and evaluation of this allegation, but it
7   cannot begin to do so until PNY advises of the basis for the allegation.

8   On the other hand, to the extent SanDisk asks for the names of the witnesses "who will
9   testify" to certain facts, such inquiries do not flow from the interrogatories. It is proper to ask for
10  the names of persons upon whose statements, actions, etc. PNY relies in making its allegations;
11  that is, the "complete basis" for its allegations. However, if the interrogatory is limited to
12  witnesses who will testify at trial, as opposed to just the names of witnesses to the alleged fact,
13  then PNY would not have to identify the witness if PNY does not intend to call the witness at trial.

14  SanDisk also challenges PNY"s failure to supplement its Rule 26 disclosures to identify
15  the witnesses who will testify to certain facts; namely, witnesses who will testify that they were
16  precluded from even entertaining a proposal from PNY. PNY states that it has agreed to do so,
17  but does not say when it will do so. Its response in the joint discovery letter suggests that it will
18  do so only when and if it notices these witnesses for deposition. Such a response is inadequate.
19  Rule 26(a)(1)(A)(i) requires parties to disclose the names of individuals that the disclosing party
20  *may* use to support its claims; it does not limit disclosure to those individuals the party deposes.
21  SanDisk has the right to make its own decision as whether to depose these witnesses.

22  **B.      PNY's Request for Documents**

23  SanDisk has agreed to produce additional retailer communications as set forth on p. 3 of
24  the parties' joint letter brief. (Dkt. No. 257. ) PNY complains, however, that SanDisk has
25  refused to provide any timeline for its production. The time has arrived (and past) for SanDisk to
26  determine the volume of documents to be reviewed and to give PNY reasonable and workable
27  dates. The same is true for the remaining Skurnik documents.
28  //

2

### C. Further Meet and Confer and Hearing

With the above guidance in mind, the Court orders the parties to meet and confer regarding SanDisk's request for supplementary responses to its interrogatory numbers 3, 12, 20 and 24 and to the initial disclosures, along with PNY's request for a deadline for SanDisk's production of documents it has agreed to produce. If the parties are unable to reach a final resolution, they are ordered to appear in Courtroom F, 15th Floor, 450 Golden Gate Avenue, San Francisco, at **9:00 a.m. on Wednesday, July 2, 2014.** At that time the Clerk will direct the parties to the jury room so that counsel may meet and confer in person. The Court will see the parties at 11:00 a.m. to resolve any remaining disputes. Each party must be represented by counsel with full authority to resolve these discovery disputes without making a telephone call to another attorney.

### D. Future Discovery Disputes

With the discovery deadline fast approaching the Court anticipates there may be further discovery disputes (although this anticipation should not be construed as encouragement). To facilitate the process, the Court imposes the following rules.

First, before any dispute may be brought to the Court's attention, the parties must meet and confer in person. The attorneys at the in-person meet and confer must have full authority to resolve the dispute without consulting with another attorney not present and the attorney's authority must not be limited by any prior discussions or direction. If the parties cannot agree on a location for the meet and confer, then the default shall be the Attorney Lounge on the 18th floor of the Federal Courthouse in San Francisco where the case is pending.

Second, if after the in-person meet and confer a dispute remains, then the party seeking discovery submits its portion of the joint letter brief to the opposing party. The opposing party then has three *business* days to provide the moving party with a response. No party is required to provide a response on a weekend or holiday. The moving party thereafter files the joint discovery letter after modifying its portion to respond to the opposing party's response.

//

//

//

**IT IS SO ORDERED.**

Dated: June 26, 2014

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge